UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-20045-CIV-MORENO

ROSELYN LOPEZ SIERRA,

    Plaintiff,

vs.

JUDGE VERONICA DIAZ,

    Defendant.

_____/

## ORDER DISMISSING COMPLAINT

Plaintiff, Roselyn Lopez Sierra, a party in a state court case filed this action *pro se* against Defendant Judge Veronica Diaz. Plaintiff alleges that Judge Diaz "charge[d] me with court costs knowing I was ilegally [sic] arrested." Plaintiff further alleges that Judge Diaz "hurt [her] spiritually . . . " The Complaint, although unclear, seems to stem from Plaintiff's criminal prosecution in state court. Because this Court finds *sua sponte* that Judge Diaz is immune from suit, this case is DISMISSED.

### I. Judicial Immunity

It is well-settled law that judges are absolutely immune from liability for damages for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). A judge will be acting within his judicial discretion if the act complained of is a judicial act and the judge has subject matter jurisdiction at the time he acted. *Id.* at 356-60. This absolute immunity is intended to permit judges to act independently and without fear of the consequences. *Id.* at 355. Furthermore, judicial immunity will protect judges even if the action taken was in error, done maliciously or in excess of his authority. *Id.*

Reviewing the four corners of the *in forma pauperis* complaint, the Court finds the allegations stem from criminal proceedings that occurred in state court. Plaintiff cannot recover money damages on his claim for which Judge Veronica Diaz is absolutely immune. Plaintiff does not appear to seek

injunctive relief to overturn a criminal conviction, but assuming *arguendo* that she did, the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994) clarified that a state court criminal defendant could not do so via a § 1983 suit. The Eleventh Circuit has added that "declaratory or injunctive relief claims which are in the nature of habeas corpus claims – *i.e.*, claims which challenge the validity of the claimant's conviction or sentence and seek release – are simply not cognizable under § 1983." *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995).

## II. *In Forma Pauperis* Screening

The Court also notes that this case is eligible for screening pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), because Plaintiff filed a motion to proceed *in forma pauperis*. *See* (**D.E. 3**) filed on **January 4, 2018**. The Eleventh Circuit in *Mordkofsky v. Calabresi*, 159 F. App'x 938, n.2 (11th Cir. 2005) stated in *dictum* that a dismissal on immunity grounds was appropriate *sua sponte* pursuant to the screening function of the statute when the Plaintiff filed his suit *in forma pauperis*. Accordingly, because Plaintiff does not allege that Judge Diaz's actions were taken outside of her judicial discretion, nor were done in the absence of her jurisdiction, the Court dismisses this *in forma pauperis* complaint *sua sponte* finding that based on the bare allegations contained in the complaint, Judge Diaz is entitled to immunity.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of January 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Roselyn Lopez Sierra, *Pro Se*
1545 NW 7th Avenue
Miami, FL 33136